THE PEOPLE OF THE STATE OF NEW YORK ex rel THOMAS STAUFENBERGER, Appellant, v. VINCENT R. MANCUSI, as Superintendent of Attica Correctional Facility, Respondent.— Judgment unanimously reversed on the law and facts and writ of habeas corpus granted to the extent of vacating the sentence imposed and remanding relator to the Supreme Court, Erie County, for resentencing in accordance with the following Memorandum: While relator was out on bail awaiting sentence in early 1970 on his plea of guilty of burglary and petit larceny he committed another burglary on February 1, 1970. On February 18, 1970 he was sentenced, for the burglary to which he had pleaded guilty, to an indeterminate term not to exceed 60 months under the supervision

of the Narcotics Addiction Center at Greenhaven Prison to which he was delivered that day. He was thereafter returned to Erie County for trial of his February 1 burglary, and a jury found him guilty. On October 6, 1970 he was sentenced therefor to an indeterminate term not to exceed seven years, the court making the following statement to him at that time: " Mr. Staufenberger, I sentence you to an indeterminate sentence of imprisonment in the care, custody and control of the Department of Correction for a maximum of not, more than seven years. However, I am instructing that Greenhaven or the Department of Correction, whichever it is necessary to notify, be instructed to return you at the time you are paroled from the Narcotics Control Commission. At that time I will have a full report on your progress in the program, and I assure you, as a matter of fact, I promise you, that if you have not fully taken advantage of all the opportunities offered you in the program to the very greatest degree, I will execute the sentence." The record shows that on that day the court signed an order sentencing relator to an indeterminate term not to exceed seven years and ordering him committed to the custody of the State Department of Correction and to be delivered to the Attica Correctional Facility " to be dealt with in accordance with the laws pertaining to his senterice ". Nevertheless, pursuant to the court's oral pronouncement, above quoted, relator was delivered to the Narcotics Addiction Center at Greenhaven, apparently subject to a warrant then lodged there with respect to his conviction of that day. Relator alleges that in 1971 when he was ready for release from Greenhaven the authorities notified " the Supreme Court of Buffalo that * * * [he] * * * should be picked up * * * as ordered. Apparently the court felt that the relator should be released because no response was given by the court "; and relator was released. Relator " returned to drugs ", and after a period he turned himself in for after-care treatment. On May 13, 1971, under the conviction of October 6, 1970 he was delivered directly to Attica without appearing again before the court in accordance with the court's oral pronouncement of the sentence of October 6, 1970. It is from that incarceration that relator has instituted this habeas corpus proceeding. Relator contends that under the terms of his sentence of October 6, 1970 the sentence should not have been executed without his return to the court for consideration of his conduct at Greenhaven and so that he could state why he should not be required to serve the full seven years, and for reconsideration of the examination made of him before that sentence pursuant to section 207 of the Mental Hygiene Law. When a defendant is sentenced he is entitled to know what the sentence is, the extent thereof and when it begins. The oral sentence. of October 6, 1970 suggested that it would begin after relator had completed serving his sentence at the Narcotics Addiction Center, but the order of sentence signed by the court that day directed relator's immediate delivery to Attica to begin the seven-year sentence. There is no evidence that relator was advised of this written order or of his right to appeal therefrom. Moreover, the oral sentence of October 6, 1970 suggests that it is tentative or conditional and subject to later determination of its true extent after a report on relator's conduct at Greenhaven. We know of no authority in the court to amend its sentence in such manner. Under these circumstances the sentence should be vacated, the writ sustained to the extent of remanding relator to the Supreme Court, Erie County, for sentencing upon the verdict of guilty of the burglary committed by him in February, 1970. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Marsh, J. P., Witmer, Cardamone, Simons and Henry, JJ.